IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JESSIE S. PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:20-CV-05015-MDH |
| | ) |
| ANDY PIKE, et al., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendants Andy Pikes', Trevor Williams', and Wanda Williams' Motion for Summary Judgment. (Doc. 73). For the reasons set forth herein, the Motion is **GRANTED**.

## BACKGROUND

Pro se Plaintiff Jessie Phillips ("Plaintiff"), filed this lawsuit against Defendants Lieutenant Andy Pike ("Pike"), Lieutenant Trevor Williams ("T. Williams"), and Detective Wanda Williams ("W. Williams") ("Moving Defendants") in their individual capacity. Defendants are members of the Newton County Sheriff's Department. It appears Plaintiff attempts to bring claims against Moving Defendants for § 1983 civil conspiracy arising from an alleged unlawful arrest, unlawful search and seizure, and unlawful use of excessive force and imprisonment and excessive bail. Defendants deny all claims.

The Complaint arises out of events beginning on August 4, 2017, at the residence Plaintiff owned with her then-husband, Jeremey Phillips at 11088 Molly Drive in Newton County, Missouri (the "residence"). On that day Defendant Deputy Childers responded to the residence on a civil standby and with an Ex Parte Order of Protection which barred Plaintiff from being present.

Plaintiff was at the residence but retreated inside upon seeing Childers arrive. She then barricaded herself inside a bathroom closet. After repeated attempts to have her voluntarily leave were unsuccessful, the law enforcement officers present at the scene forced open the locked door leading into the bathroom and placed Plaintiff under arrest and handcuffs were applied to her wrists. She was transported by Childers to the Newton County Jail and processed inside by Defendant Pooler. Deputy Childers prepared and submitted a Statement of Probable Cause and a Newton County Judge issued an arrest warrant. Several days later Plaintiff was released from custody.

With respect to Moving Defendants, Plaintiff alleges that her injuries involve Defendants' conspiracy to commit constitutional rights violations against Plaintiff through alleged acts and omissions by engaging in collusion with that of special, correlative and pretentious friend Jeremy Phillips, and for their personal retaliation, knowingly used domination and authority as (NSCO) law enforcement officials, with all means, extorted and executed unlawful conducts.

**STANDARD**

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than

simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

A question of material fact is not required to be resolved conclusively in favor of the party asserting its existence. Rather, all that is required is sufficient evidence supporting the factual dispute that would require a jury to resolve the differing versions of truth at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248-249. Further, determinations of credibility and the weight to give evidence are the functions of the jury, not the judge. *Wierman v. Casey's General Stores, et al.,* 638 F.3d 984, 993 (8th Cir. 2011).

## DISCUSSION

The Court will analyze Plaintiff's claims as to each Moving Defendant. However, all of Plaintiff's claims are barred by the doctrine of qualified immunity or are inapplicable to individual Defendants.

### Qualified Immunity

Government officials are entitled to qualified immunity in a § 1983 claim unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable official would have known. *Peterson v. Kopp*, 754 F.3d 594, 598 (8th Cir. 2014). Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines. *Avalos v. City of Glenwood*, 382 F.3d 792, 798 (8th Cir. 2004). Qualified immunity "is an immunity from suit rather than a mere defense to liability, which is effectively lost if a case is erroneously permitted to go to trial." *Id*. Application of qualified immunity to each defendant should be analyzed separately. *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2016) ("[t]he doctrine of qualified immunity requires an *individualized* analysis of *each* officer's alleged conduct'") quoting *Walton v. Dawson*, 752 F.3d 1109, 1125 (8th Cir. 2014) (emphasis in original).

Qualified immunity involves a two-step analysis: "(1) whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right, and (2) whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Morris v. Zefferi*, 601 F. 3d 805, 809 (8th Cir. 2010) (internal quotation marks omitted). A court considering the qualified immunity defense has discretion to consider the two-step qualified immunity analysis in the order it deems fit. *Pearson v. Callahan*, 555 U.S. 223, 242 (2009). However, if the first prong of the analysis is answered in the negative, a court "need not proceed further with the qualified immunity analysis." *Brockinton v. City of Sherwood*, 503 F.3d 667, 672 (8th Cir. 2007). If the second prong of the analysis is reached, it is important to bear in mind the law is "clearly established if it gives the defendant official 'fair warning' that his conduct violated an individual's rights when the official acted." *McCoy v. City of Monticello*, 342 F.3d 842, 846 (8th Cir. 2003).

The Supreme Court has repeatedly emphasized that the "clearly established" prong of the analysis "should not be defined 'at a high level of generality.'" *White v. Pauly*, 137 S.Ct. 548, 552 (2017). See also *Mullenix v. Luna*, 577 U.S. 7, 11-12 (2015). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix*, 577 U.S. at 11. While there does not need to be a case directly on point, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 12. "The 'clearly established' standard also requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him. The rule's contours must be so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted. This requires a high degree of specificity." *Dist. of Columbia v. Wesby*, 138 S.Ct. 577, 590 (2018) (internal quotation marks and citation omitted). Additionally, "plaintiff bears the burden of proving that the law was clearly established." *Hess v. Ables*, 714 F.3d 1048,

1051 (8th Cir. 2013). In this case, Plaintiff cannot show that any constitutional violation occurred, as discussed below. Therefore, the first prong of the qualified immunity test cannot be met for any Moving Defendant.

   A. **Unlawful arrest claim**

Plaintiff alleges her arrest was without sufficient justification in violation of her constitutional rights. Unlawful arrest claims are analyzed under the Fourth Amendment. *Baker v. McCollan*, 443 U.S. 137 (1979). The record shows Plaintiff was arrested on August 4, 2017 by Joe Childers' for violation of a valid Ex Parte Order. Plaintiff's August 4, 2017 arrest was made without a warrant, though an arrest warrant was signed the next day. However, the Fourth Amendment does not prohibit warrantless arrests. "It is not disputed that the Constitution permits an officer to arrest a suspect without a warrant if there is probable cause to believe that the suspect has committed or is committing an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). *See also Clay v. Conlee*, 815 F.2d 1164, 1169 (8th Cir. 1987) (stating if probable cause for arrest exists, plaintiff's "arrest did not deprive him of any federal constitutional right, and he thus has no cause of action against [defendants] under § 1983."); *Brodnicki v. City* of *Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) (concluding that because "the officers had probable cause to arrest [plaintiff], he has no basis for his § 1983 claim against them [defendants].").

   a. <u>Andy Pike</u>

The uncontroverted record demonstrates that Defendant Pike was not present at, did not participate in, or otherwise have any role in Plaintiff's arrest. He arrived on the scene after Plaintiff had already been legally detained and placed in the police vehicle. Because he was not involved in Plaintiff's arrest, summary judgement on this claim in his favor is warranted. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) (because vicarious liability is inapplicable in § 1983 litigation, "each

5

Case 3:20-cv-05015-MDH   Document 92   Filed 09/07/21   Page 5 of 11

Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). *See also Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999). ("Section 1983, of course, requires a causal relationship between a defendant's conduct and a plaintiff's constitutional injury. Absent such a relationship, the defendant is entitled to dismissal").

    b. Trevor Williams

Defendant T. Williams was present for the arrest of Plaintiff; however, he was not the arresting officer as he did not physically place the handcuffs on Plaintiff. In any event, the record demonstrates that Defendants Childers and Trevor Williams had probable cause to arrest Plaintiff on August 4, 2017. "Probable cause exists if 'the totality of facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed an offense at the time of the arrest." *Brodnicki*, 75 F.3d at 1264, quoting *Hannah v. City of Overland Park*, 795 F.2d 1385, 1389 (8th Cir. 1986). *See also* Amrine v. Brooks, 522 F.3d. 823, 832 (8th Cir. 2008). ("As probable cause is determined at the moment the arrest was made, any later developed facts are irrelevant to the probable cause analysis for an arrest.").

Here, the record demonstrates that Childers attempted to serve upon Plaintiff a valid Ex Parte Order which she refused to accept. As the record shows, this Ex Parte Order was signed by Judge Stremel on August 4, 2017 and ordered Plaintiff to leave the residence on Molly Lane. [Ex Parte Order]. Plaintiff's arrest is a direct result of her refusal to comply with the valid Ex Parte Order and Childers' and T. Williams' commands to do so. Paragraphs 2-13 of this Motion's Statement of Uncontroverted facts demonstrate Plaintiff's refusal to comply and support sufficient probable cause for Childers and T. Williams to arrest Plaintiff. The totality of circumstances show that multiple refusals to comply with the Order contained in the valid Ex Parte Order by Plaintiff constituted sufficient probable cause that Plaintiff had committed an offense. Because Plaintiff's

arrest was made with probable cause, Defendant T. Williams in entitled to summary judgment on this claim as there was no constitutional violation.

      c. Wanda Williams

The uncontroverted record also demonstrates that Defendant W. Williams was not present at, did not participate in, or otherwise have any role in Plaintiff's arrest. She arrived on the scene after Plaintiff had already been legally detained and placed in the police vehicle. Because she was not involved in Plaintiff's arrest, summary judgement on this claim in her favor is warranted. *Ashcroft,* 556 U.S. at 676-77.

**B. Excessive force claim**

"The question whether an officer has used excessive force requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Kisela v. Hughes*, U.S. 138 S. Ct. 1148, 1152, 200 L.Ed.2d 449 (2018). "The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," and "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation." I*d*. (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). In other words, courts do not sit in second-guessing judgment of moment-to-moment police conduct but review the conduct for objective reasonableness in view of the facts as a whole, "without regard to [the officers'] underlying intent or motivation." *Graham*, 490 U.S. at 396, 109

7

S.Ct. 1865 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment.") (internal citations omitted).

 a. Andy Pike

Defendant Pike was not present and did not participate in or have anything to do with Plaintiff's arrest. Therefore, he is entitled to summary judgment on Plaintiff's excessive force claim.

 b. Trevor Williams

Plaintiff alleged that T. Williams arrested her with his gun drawn. As mentioned, "The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene." *Kisela*, U.S. 138 S. Ct. at 1153. The undisputed facts show it was reasonable for T. Williams and Childers to arrest Plaintiff with guns drawn because there was serious concern for their own health and safety and the safety of others.

Prior to entering the home, Childers was warned that Plaintiff's vehicle contained a shotgun earlier in the day and that there was a missing gun. At the time of the arrest, the officers were not aware of the location of the missing guns, and Plaintiff had now barricaded herself in multiple locations of the home while failing to comply. Plaintiff took deliberate steps to evade and fail to comply with the Order and commands from T. Williams and Childers to come out. Plaintiff fled into her home through the interior garage door and locked the door behind her. She then fled into the master bedroom and again locked the door behind her. She then retreated into the bathroom of the master bedroom and locked it once again. And finally, Plaintiff barricaded herself into a closet in the bathroom of the master bedroom and locked it.

As mentioned in *Kisela*, a determining factor when considering if an officer has used excessive force is "whether the suspect poses an immediate threat to the safety of the officer or

8

Case 3:20-cv-05015-MDH   Document 92   Filed 09/07/21   Page 8 of 11

others." Here, without knowing where the missing guns were and Plaintiff's erratic conduct, Defendant T. Williams reasonably thought that Plaintiff posed an immediate threat to safety. The undisputed facts of this case fall squarely within the reasonableness standard of *Kisela* and therefore, T. Williams' actions were reasonable. Because there was no constitutional violation, Defendant T. Williams is entitled to summary judgment on this claim.

    c. <u>Wanda Williams</u>

Defendant Wanda Williams was not present for the arrest of Plaintiff but did arrive on scene after Plaintiff was arrested to complete a pat-down search of Plaintiff. Plaintiff admits her only allegation against W. Williams is that she kneed her in the side of her thigh, which W. Williams categorically denies. W. Williams allegedly kneed Plaintiff in the thigh during the course of W. Williams placing Plaintiff back into the police vehicle. Plaintiff alleged that she suffered a small bruise to her right thigh.

The Eighth Circuit has, "considered whether a plaintiff's showing of 'only *de minimis* injury necessarily forecloses a claim of excessive force under the Fourth Amendment[,]' and concluded that it did not." *LaCross v. City of Duluth*, 713 F.3d 1155, 1158 (8th Cir. 2013) (internal citation omitted). It determined that "[t]he appropriate inquiry is 'whether the force used to effect a particular seizure is 'reasonable.'" *Id.* (quoting *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)) (emphasis omitted). So although a *de minimis* use of force is insufficient to support a claim, a *de minimis* injury does not necessarily foreclose a claim. *See id.*

There are no facts in the record that indicate that W. Williams used unreasonable force in her pat down of Plaintiff or in placing Plaintiff into the police vehicle and instead the record supports that if W. Williams used any force, it was *de minimis*. Accordingly, W. Williams is entitled to summary judgment on this claim.

9

Case 3:20-cv-05015-MDH   Document 92   Filed 09/07/21   Page 9 of 11

### C. Conspiracy claim

Plaintiff also complains Defendants were involved in a conspiracy. This theory fails for several independent reasons. First, "[t]o create a genuine issue of conspiracy, [plaintiff must] point to at least some facts which would suggest that [defendants] 'reached an understanding' to violate [his] rights." *Nelson v. City of McGehee*, 876 F.2d 56, 59 (1989). "To advance past the summary judgment stage, [plaintiff] must allege with particularity and specifically demonstrate material facts that the defendants reached an agreement." *Reasonover v. St. Louis County*, 447 F.3d 569, 582 (8th Cir. 2006). There are no facts in the record that any of the Moving Defendants had a sufficient "meeting of the minds" to violate a constitutional right of Plaintiff.

Second, to present a viable § 1983 conspiracy claim, Plaintiff must demonstrate the violation of a constitutional right. *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). Here, as discussed above, the record establishes plaintiff did not suffer a constitutional deprivation. Accordingly, Plaintiff's conspiracy claim fails.

### D. Excessive bail claim

Bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is "excessive" under the Eighth Amendment. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). However, where defendants do not set the bail, they cannot be liable for allegations of excessive bail. *See Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights).

Neither Defendants Pike, Trevor Williams, nor Wanda Williams set Plaintiff's bond amount. The undisputed facts show that Childers set Plaintiff's bond amount. Because a defendant

cannot be liable for a bond they did not set, neither Pike, Trevor Williams, nor Wanda Williams violated Plaintiff's Eight Amendment rights and all three Defendants are entitled to summary judgment on this claim.

## CONCLUSION

For the foregoing reasons, Defendants Pike's, T. Williams', and W. Williams' Motion for Summary Judgment (Doc. 73) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: September 7, 2021                      */s/ Douglas Harpool*
                                                   **DOUGLAS HARPOOL**
                                                   **United States District Judge**